IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

SEAN THOMSEN,                          )
                                       )
              Plaintiff,               )            8:09CV422
                                       )
       v.                              )
                                       )
R+L CARRIERS SHARED SERVICES,          )        MEMORANDUM AND ORDER
LLC,                                   )
                                       )
              Defendant.               )
                                       )
_____   )

        This matter is before the court on the following motions:  plaintiff's motion for

summary judgment on his disability discrimination claims and on punitive damages, Filing

No. 40; the defendant's motion for summary judgment in its favor on the plaintiff's disability

discrimination claim, Filing No. 42; the plaintiff's motion to strike certain evidence in support

of defendant's motion for summary judgment, Filing No. 60; the defendant's motions for

leave to file an amended answer and a supplemental motion for summary judgment, Filing

No. 77 and Filing No. 80; and the plaintiff's motion for leave to offer additional evidence in

opposition to the defendant's motion for summary judgment, Filing No. 87.

        This is an action for discrimination in employment.  The plaintiff's remaining claims

are for violations of the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. § 12101

*et seq.*, and the Nebraska Fair Employment Practice Act, Neb. Rev. Stat. § 48-1101 *et*

*seq.*[1]  In his amended complaint, the defendant alleges that, after terminating him in 2007

after he used leave under the Family and Medical Leave Act, the defendant refused to

_____

[1]On November 11, 2010, the plaintiff filed a motion to voluntarily dismiss R+L Carriers as a defendant
and to dismiss the FMLA claim (Count II) against R+L Carriers Shared Services, LLC.  *See* Filing No. 48.
That motion was granted, with the agreement of the parties, rendering the defendant's motion for summary
judgment moot in part.  *See* Filing No. 52 & Filing No. 53.  The only issue left for resolution in the defendant's
summary judgment motion is the disability discrimination claim.

rehire him based on a perception of disability.  Filing No. 1, Exhibit (Ex.) 2, Amended Complaint.

I.    **Defendant's motions for leave to file an amended answer and a supplemental motion for summary judgment**

The plaintiff originally filed this action in the District Court of Douglas County, Nebraska, on October 26, 2009, and amended the complaint on November 4, 2009.  See Filing No. 1, Exs. 1 & 2, Complaint and Amended Complaint.  The action was removed to this court on November 25, 2009.  Filing No. 1, Notice of Removal.  The defendants filed an answer on December 30, 2009.  Filing No. 13.

On January 13, 2010, the court set February 25, 2010, as the deadline for the defendants to file motions to amend the pleadings.  Filing No. 15, Initial Progression Order. No party sought to extend the deadline.  The deadline for filing motions for summary judgment was October 1, 2010.  Filing No. 22, Final Progression Order.  The discovery deadline expired on December 31, 2010.  *Id.*  The final pretrial conference is scheduled for February 22, 2011, with trial to follow on March 21, 2011.  *Id.*

The defendant seeks leave to amend the answer to assert a statute of limitations defense and leave to file a supplemental motion for summary judgment on that issue.  The defense is premised on the defendant's allegation that the plaintiff failed to file a charge with the EEOC within 300 days of the date he was notified that he would not be rehired by R+L.  The defendant asserts that the plaintiff's complaint fails to allege when the plaintiff received notice of the alleged adverse action.  *See* Filing No. 78, defendant's brief at 2. The defendant argues that it did not discover that the claims were time-barred until the plaintiff's deposition in September of 2010, and its preparation for the depositions of other witnesses in December of 2010.  *Id.* at 2-3.   The defendant contends that no additional

discovery is required, the plaintiff would suffer no prejudice, and the case will not be delayed by the amendment.  *Id.* at 3.

In opposition, the plaintiff argues that the defense is without merit.  See Filing No. 82, Plaintiff's Brief at 1.  Additionally, he argues that the defense, if it had merit, should have been apparent two years ago when the defendant's attorney was involved in the NEOC proceeding.  *Id.* at 2.  Finally, the plaintiff contends that he will suffer significant prejudice if the motion is granted because the discovery deadline has passed and the pretrial conference and trial are imminent.  *Id.*

Under Fed. R. Civ. P. 16(b) a progression order schedule "may be modified only for good cause."  Fed. R. Civ. P. 16(b)(4); *see Bradford v. DANA Corp.*, 249 F.3d 807, 809-10 (8th Cir. 2001).  "In demonstrating good cause, the moving party must establish that the 'scheduling deadlines cannot be met despite a party's diligent efforts.'" *Thorn v. Blue Cross & Blue Shield of Fla., Inc.*, 192 F.R.D. 308, 309 (M.D. Fla. 2000) (citations omitted). Moreover, "if the reason for seeking the amendment is apparent before the deadline and no offsetting factors appear, the Rule 16 deadline must govern." *Financial Holding Corp. v. Garnac Grain Co.*, 127 F.R.D. 165, 166 (W.D. Mo. 1989).  In addition to the good cause requirement, "on motion made after the time has expired," the court may extend time "if the party failed to act because of excusable neglect."  See Fed. R. Civ. P. 6(b)(1)(B).

Under the Federal Rules, a court should "freely give leave [to amend a pleading] when justice so requires."  Fed. R. Civ. P. 15.  However, denial of leave to amend is justified by "undue delay, bad faith on the part of the moving party, futility of the amendment or unfair prejudice to the opposing party." *Amrine v. Brooks*, 522 F.3d 823, 833 (8th Cir. 2008) (internal quotation and citation omitted).  The party opposing the

amendment has the burden of demonstrating prejudice.  *Roberson v. Hayti Police Dep't,
241 F.3d 992, 995 (8th Cir. 2001)*; *see Hanks v. Prachar, 457 F.3d 774, 775 (8th Cir.
2006)*.  There is no absolute right to amend.  *Sherman v. Winco Fireworks, Inc., 532 F.3d
709, 715 (8th Cir. 2008)*.  Whether to grant a motion for leave to amend is within the sound
discretion of the district court.  *Popoalii v. Correctional Med. Servs., 512 F.3d 488, 497 (8th
Cir. 2008)*.  As noted above, "[i]f a party files for leave to amend outside of the court's
scheduling order, the party must show cause to modify the schedule."  *Id.*  Additionally, the
court may consider whether the "late tendered amendments involve new theories of
recovery and impose additional discovery requirements."  *Id.*

     The court finds the defendant's motions for leave to amend pleadings and to file an
additional dispositive motion should be denied.  The proposed amendment would be futile.
The administrative deadline is not a jurisdictional limitation, but operates in the nature of
a statute of limitations and is subject to equitable tolling and estoppel.  *See Zipes v. Trans
World Airlines, 455 U.S. 385, 393 (1982)* (holding that administrative filing period under
Title VII is subject to waiver, estoppel, and equitable tolling); *Anderson v. Unisys Corp., 47
F.3d 302, 305-06 (8th Cir. 1995)*.  In order for a party to avail itself of the statute of
limitations affirmative defense, the party must specifically plead the defense in its answer,
and the failure to do so normally results in a waiver of the defense.  *Varner v. Peterson
Farms, 371 f.3d 1011, 1016 (8th Cir. 2004)*.  When it appears on the face of a complaint
that the limitation period has run, a limitations defense may properly be asserted through
a motion to dismiss under Fed. R. Civ. P. 12(b)(6).  *Id.*  The limitations period in
discrimination cases begins to run when the plaintiff receives notice of an adverse
employment action. *Dring v. McDonnell Douglas Corp., 58 F.3d 1323, 1328 (8th Cir. 1995)*

(noting that the accrual date is simply the date on which the adverse employment action is communicated to the plaintiff).

The court's review of the record shows that the defendant knew or should have known of the defense at the time of the NEOC proceedings. The operative date that notice was conveyed to the defendant would have been known to the defendant at the time defense counsel appeared in the NEOC proceeding because it was the defendant who provided the notice. The defendant waived the defense by failing to raise it then. Further, the defendant had another opportunity to raise the defense at the time it responded to the complaint in this action, or in a motion to dismiss. The waiver is not excused by the plaintiff's failure to plead the date of the notice in its complaint when the defendant knew of should have known the information. Under the circumstances, the court finds that the defendant waived the limitations defense.

Further, the court finds the defendant has not shown good cause to amend the pleading. Under the present discovery and trial schedule, the filing has been unduly delayed and the defendant has not shown excusable neglect. The court further finds the plaintiff will suffer prejudice if the motion is granted. The discovery deadline has passed and the case is ready for trial. To allow an amendment of the answer and a supplemental motion for summary judgment on the eve of trial would delay the proceeding. The defendant knew or should have known of the defense at the time it responded to the plaintiff's complaint of discrimination to the NEOC.

## II. Plaintiff's motion to strike and motion for leave to submit supplementary evidence

In his motion to strike, the plaintiff seeks exclusion of the plaintiff's 2004, 2007, and 2008 applications for employment, contending that they are incomplete and inadmissible.

5

The evidence played no part in the court's resolution of the defendant's summary judgment motion, so plaintiff's motion to strike will be denied as moot. The plaintiff also seeks leave to offer additional evidence to impeach an affidavit offered in support of the defendant's motion for summary judgment. Again, the court did not rely on the affidavit in connection with its determination and the motion will be denied as moot.

### III. The parties' cross-motions for summary judgment

#### A. Facts

Both parties argue that undisputed evidence indicates that they are entitled to summary judgment on the disability discrimination claim. As relevant to these motions, the parties agree on the following facts.[2] R+L is a trucking services company. From approximately February 2004 until August 21, 2007, plaintiff Sean Thomsen was employed by R+L at the terminal in Omaha, Nebraska, as a commercial truck driver. R+L hired plaintiff in February 2004, and his job duties included dock work, line haul driving at night, and any other driving that was required. In approximately August 2004, plaintiff's job title changed to pickup and delivery driver, which was the position he held in May 2007. As a pickup and delivery driver, plaintiff's job duties included: driving a commercial motor vehicle, lifting 75 pounds, pushing and pulling 125 pounds, and carrying a copy of the Federal Motor Carrier Safety Regulations.

Martin Summers was the Omaha terminal manager for the defendant from February 2003 through August 2008. As terminal manager, Mr. Summers oversaw the daily operations as well as hiring and firing. He supervised the plaintiff during his tenure of

---

[2]These facts are gleaned from the parties' respective statements of undisputed facts in their briefs in support of and opposition to the motions. See Filing No. 45, plaintiff's brief at 3-10; Filing No. 58, defendant's brief in opposition at 2-8; Filing No. 43, defendant's brief at 2-9; Filing No. 57, plaintiff's brief in opposition at 2-8.

employment with the defendant.  Thomsen's job performance with the defendant was satisfactory.

Martin Summers reported to Mark Townsend.  Mark Townsend was R+L's regional manager in 2007 and 2008.  Townsend was the director over several Midwest services centers in 2007 and 2008.  Ralph Helfenstine has been employed by the defendant for 21 years and has served as the defendant's corporate recruiter since the fall of 2008.  In 2007 and 2008, Helfinstine was R+L's driver recruiter, who would recruit drivers for the R+L's terminals.  Helfinstine would receive applications from over fifty terminals across the country and process the applications.

In May 2007, Sean Thomsen experienced multiple medical conditions that required hospitalization and surgery.  He developed abdominal abscesses in May 2007.  Mr. Thomsen could not work as a driver during this period of time.  Plaintiff requested leave under the FMLA to receive care for the abdominal abscesses.  R+L granted him twelve weeks of leave at that time.  Sean Thomsen was again admitted to the hospital for an abdominal abscess on June 28, 2007.  He advised Summers that he would likely be off work for another 12 weeks following the second surgery in June 2007.

Plaintiff's 12 weeks of medical leave ended on August 20, 2007, but plaintiff was not able to return to work and he was terminated the following day.  On September 26, 2007, plaintiff submitted an application to R+L to work as a driver.  The 2007 application required that plaintiff list any accidents that he was involved in previously.  Summers faxed plaintiff's September 26, 2007 application and road test results to Ralph Helfinstine, Human Resources Coordinator, for Helfinstine's review.  On September 28, 2007, Helfinstine informed Summers via email that the plaintiff was "okay to send for long form physical and drug screen," meaning that Summers was to send plaintiff for a DOT long form physical

examination and drug screen by R+L physicians.  Helfinstine then waited to receive the results of those tests, but they never arrived because the plaintiff did not appear for the drug screen and physical.

The plaintiff submits deposition testimony of former R+L employee Marty Summers. Summers testified in his deposition that he was told not to authorize a physical exam for Thomsen because "he could be a liability" and he was "too fresh off" a hospital stay.  Filing No. 54, Index of Evid., Ex. 1, deposition of Martin Summers at 70, 74 (ECF Doc. #54-1, Page ID # 1646-47).  Summers also testified that Thomsen had the minimum qualifications to be a pickup and delivery or line haul driver when he applied to be rehired in September of 2007.  *Id.* at 105 (ECF Doc. #54-2, Page ID # 1656).  Ralph Helfinstine testified that he would have hired Thomsen if Thomsen had completed the physical exam.  Filing No. 56, Index of Evid., Ex. 2, Deposition of Ralph Helfinstine at 78. (ECF Doc #56-2, Page ID # 1799).

The defendant argues that the evidence shows that the plaintiff does not have a disability, and was not and cannot be regarded as disabled.  He further argues that the evidence shows the plaintiff was not otherwise qualified for employment on August 21, 2007, or on September 26, 2007.  Last, the defendant argues that the evidence shows that Ralph Helfinstine rejected plaintiff's July 30, 2008 application for a legitimate, nondiscriminatory reason—because plaintiff had not shown up for the drug screen and physical that Helfinstine had approved in September 2007.

B.  Law

Summary judgment is appropriate when, viewing the facts and inferences in the light most favorable to the nonmoving party, "the pleadings, the discovery and disclosure

materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c). The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact."  *Id.* at 323.  If the moving party meets the initial burden, the burden then shifts to the opposing party to produce evidence of the existence of a genuine issue for trial.  *Id.* at 324.

    "The inquiry performed is the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).  A "genuine" issue of material fact exists "when there is sufficient evidence favoring the party opposing the motion for a jury to return a verdict for that party."  *Id. at* 251-52 (1986) (noting the inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law).  If "reasonable minds could differ as to the import of the evidence," summary judgment should not be granted.  *Id.* at 251.

The evidence must be viewed in the light most favorable to the nonmoving party, giving the nonmoving party the benefit of all reasonable inferences. *Kenney v. Swift Transp., Inc.*, 347 F.3d 1041, 1044 (8th Cir. 2003). "In ruling on a motion for summary judgment, a court must not weigh evidence or make credibility determinations." *Id.* "Where the unresolved issues are primarily legal rather than factual, summary judgment is particularly appropriate." *Koehn v. Indian Hills Cmty. Coll.*, 371 F.3d 394, 396 (8th Cir. 2004).

The Eighth Circuit Court of Appeals has "repeatedly emphasized that 'summary judgment should be used sparingly in the context of employment discrimination and/or retaliation cases where direct evidence of intent is often difficult or impossible to obtain.'" *Torgerson v. City of Rochester*, 605 F.3d 584, 593 (8th Cir. 2010) (*quoting Wallace v. DTG Operations, Inc.*, 442 F.3d 1112, 1117 (8th Cir.2006)); *see also Peterson v. Scott County*, 406 F.3d 515, 520 (8th Cir. 2005) (noting that "[s]ummary judgment should seldom be granted in employment discrimination cases because intent is often the central issue and claims are often based on inference"); *Wheeler v. Aventis Pharm.*, 360 F.3d 853, 857 (8th Cir. 2004) ("However, in employment discrimination cases, because intent is inevitably the central issue, we apply the standard with caution."); *Breeding v. Arthur J. Gallagher & Co.*, 164 F.3d 1151, 1156 (8th Cir. 1999) ("Summary judgment seldom should be granted in discrimination cases where inferences are often the basis of the claim. . . . "); *Bassett v. City of Minneapolis*, 211 F.3d 1097 (8th Cir. 2000) (collecting cases).

To show that one is disabled under federal law, an individual must show that she: (1) has a physical, sensory, or mental impairment that substantially limits one or more major life activities; (2) has a record of such an impairment; or (3) is regarded as having

such an impairment.  42 U.S.C. § 12102(1)(A)-(C).  Under the "regarded as" prong, a person may be disabled under the ADA if, notwithstanding the absence of an actual disability, he is perceived or "regarded as" having an impairment that substantially limits a major life activity.[3] *Weber v. Strippit, Inc.*, 186 F.3d 907, 914 (8th Cir. 1999).  Under the ADA, "the 'regarded as' provision was established to combat 'archaic attitudes, erroneous perceptions, and myths' working to the disadvantage of the disabled or perceived disabled." *Wisbey v. City of Lincoln,* 612 F.3d 667, 672-73 (8th Cir. 2010) (*quoting Brunko v. Mercy Hosp.*, 260 F.3d 939, 942 (8th Cir.2001)).

Working has been recognized as a major life activity.  *See Breitkreutz v. Cambrex Charles City, Inc.,* 450 F.3d 780, 784 (8th Cir. 2006); *Nuzum v. Ozark Auto. Distrib.,* 432 F.3d 839, 844 (8th Cir. 2005); *Webner v. Titan Distrib., Inc.,* 267 F.3d 828, 834-35 (8th Cir. 2001); *Fjellestad v. Pizza Hut of Amer., Inc.,* 188 F.3d 944, 949 (8th Cir. 1999).  "'In order to be regarded as disabled with respect to the major life activity of working, the employer

---

[3]The ADA Amendments Act of 2008 (ADAAA) became effective January 1, 2009. *See* Pub.L. No. 110-325, § 8, 122 Stat. 3553, 3559 (codified at 29 U.S.C. § 705 note). The ADAAA amends the ADA in important respects, particularly with regard to the definition and construction of "disability" under the statute. Although the general definition of "disability" retains largely the same language, the ADAAA adds a provision that addresses the intended scope of the "regarded as" prong of that definition. Pub.L. No. 110-325, § 4(a), 122 Stat. at 3555 (codified at 42 U.S.C. § 12102(3)(A)). It specifies that "[a]n individual meets the requirement of 'being regarded as having such an impairment' if the individual establishes that he or she has been subjected to an action prohibited under this Act because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity." *Id.*; *see also Id.* (codified at 42 U.S.C. § 12102(3)(B)) ("[The 'regarded as' prong of § 12102(1) ] shall not apply to impairments that are transitory and minor. A transitory impairment is an impairment with an actual or expected duration of 6 months or less."). The ADAAA also makes clear that "[a] covered entity under [Title I of the ADA] ... need not provide a reasonable accommodation or a reasonable modification to policies, practices, or procedures to an individual who meets the definition of disability in [§ 12102(1) ] solely under [the 'regarded as' prong] of such section." *Id.* § 6(a)(1), 122 Stat. at 3558 (codified at 42 U.S.C. § 12201(h)).

The amendments are of no consequence to this court's decision, because, as discussed *infra*, the disputes in this case do not involve transitory or minor impairments, whether work is a major life activity, or reasonable accommodations.  At any rate, the Eighth Circuit has stated that the amendments are not retroactive and should not be applied to alleged acts of discrimination prior to its effective date.  *Nyrop v. Independent Sch. Dist. No. 11*, 616 F.3d 728, 734 n.4 (8th Cir. 2010).

must mistakenly believe that [an] actual impairment substantially limits the employee's ability to work.'" *Wisbey*, 612 F.3d at 672 (*quoting Chalfant v. Titan Distribution, Inc.*, 475 F.3d 982, 989 (8th Cir. 2007)).  A substantial limitation on the major life activity of working means that an individual must be "significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills and abilities."  29 C.F.R. § 1630.2(j)(3)(I).  The test is whether defendant treated plaintiff adversely because it regarded him as having an impairment that substantially limits one or more major life activities.  *Weber*, 186 F.3d at 915; *Kellogg*, 233 F.3d at 1089.

Under the law in effect at the time of the plaintiff's termination, the terms "major life activities" and "substantial limitation" were interpreted strictly to create a demanding standard for qualifying as disabled.  *Williams*, 534 U.S. at 197; *accord Ristrom v. Asbestos Workers Local 34 Joint Apprentice Comm.*, 370 F.3d 763, 768 (8th Cir. 2004).  Courts were to consider the nature, severity, duration, and long-term impact of the impairment when deciding whether an impairment substantially limits a major life activity.  *Wood v. Crown Redi-Mix, Inc.*, 339 F.3d 682, 685 (2003).  The impairment also had to be of an extended or permanent duration.  *Williams*, 534 U.S. at 198.

C.  Discussion

The court has reviewed the evidence submitted in support of and opposition to the motions and finds that there are genuine issues of material fact that preclude summary judgment.  Determination of the issues in this case will involve assessment of credibility. Under pre-ADAAA case law, the plaintiff provided enough evidence of disability or perception of disability to survive a motion for summary judgment.  The plaintiff has

submitted evidence that his impairment was more than temporary. Similarly, he has presented evidence showing a factual dispute with respect to whether he was qualified to return to work. There is also evidence from which it can be inferred that the defendant's proffered legitimate, nondiscriminatory reason for refusing to rehire the defendant was a pretext for disability discrimination. From the evidence, a reasonable juror could infer that the plaintiff was regarded as having an impairment that would substantially interfere with the major life activity of working. The defendant has not shown that it is entitled to judgment as a matter of law on the disability discrimination claims.

Conversely, the plaintiff is similarly not entitled to summary judgment. As noted, factual disputes remain with respect to claims and defenses. Moreover, the evidence does not show that the defendant's conduct was so egregious as to warrant punitive damages as a matter of law. Accordingly,

IT IS ORDERED :

1. Plaintiff's motion for summary judgment on the disability discrimination claims and on punitive damages (Filing No. 40) is denied.

2. Defendant's motion for summary judgment (Filing No. 42) is denied.

3. Plaintiff's motion to strike certain evidence in support of defendant's motion for summary judgment (Filing No. 60) is denied as moot.

4. Defendant's motion for leave to file an amended answer (Filing No. 77) is denied.

5. Defendant's motion for leave to file a supplemental motion for summary judgment (Filing No. 80) is denied.

6.   Plaintiff's motion for leave to offer additional evidence in opposition to the defendant's motion for summary judgment (Filing No. 87) is denied as moot.

DATED this 24th day of January, 2011.

BY THE COURT:


s/Joseph F. Bataillon
Chief District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

14